## NICOLL v. LLOYD.

(Supreme Court, Appellate Term. February 24, 1899.)

APPEAL—REVERSAL.

A judgment for plaintiff on a cause of action at variance with the one alleged cannot be sustained on appeal, when the evidence disclosed by the record does not enable the court, by a modification of the judgment, to decide the issues according to the justice of the case.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Charles H. Nicoll against Thomas Lloyd. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Wayland E. Benjamin, for appellant.

William C. Timm, for respondent.

LEVENTRITT, J. The pleadings in this action were oral. The complaint was on contract "for work, labor, and services, and goods furnished," and the answer was "general denial, false representations." At the solicitation of the plaintiff's agent, the defendant signed and delivered two separate papers, reading as follows:

"N. Y., January 17th, 1898.

"The Historical Company, 189 Broadway, New York: Please make one photo-engraving of myself and brother, for use in the American Turf, for which I agree to pay to your order one hundred dollars, on delivery of proof of the engraving to my address, as below. Photograph to be furnished by me. The undersigned guaranties this order to be unconditional, except as written hereon.        Thos. Lloyd.

"$100.00.                          158 E. 127th St.,
"170 E. 123rd St."

"N. Y., January 17th, 1898.

"The Historical Company, 189 Broadway, New York: Please send to my address, as below, two (2) copies of the American Turf, for which I agree to pay to your order fifty dollars, on delivery of the book. The undersigned guaranties this order to be unconditional, except as written hereon.

"$50.00.                          Thos. Lloyd,
"170 E. 123rd St."

Upon application by the plaintiff, the defendant not only refused to furnish the photographs, which he had undertaken to provide, but insisted upon the cancellation of the orders, claiming that he had been induced to give them in reliance upon false representations made by the plaintiff's agent. Notwithstanding the defendant's refusal, the plaintiff proceeded to publish the American Turf, without inserting therein any engraving of the defendant's brother or a photo-engraving of the defendant. When the book was ready for distribution, the plaintiff tendered two copies to the defendant, who declined to accept them, whereupon they were left with one of the defendant's employés. No proof was offered to sustain his authority to receive them.

Upon the foregoing state of facts, the plaintiff sought to recover the aggregate amount of said orders, upon the theory of performance. It is obvious that they were not performed, and yet he was awarded a judgment for the entire claim. The defendant, on the trial, contended that the evidence tended to prove a right to damages for breach of contract, but entirely failed to establish the cause of action pleaded. Where, in a municipal court, a plaintiff fails to prove the cause of action pleaded, and the objection is raised upon the trial, and no amendment is applied for or ordered, a judgment in plaintiff's favor, upon a cause of action entirely at variance with the one alleged, cannot be sustained on appeal, when the evidence disclosed by the record does not enable this court, by a modification of the judgment, to decide the issues according to the justice of the case. The materiality

of the variance becomes apparent from the fact that, in a suit for breach of contract,—the only form of action which, according to the proof, is maintainable,—the plaintiff cannot recover the full amount mentioned in the orders, but will be limited to the damage he has sustained. To fulfill the orders, the plaintiff would have incurred various expenditures, such as the outlay attending the preparation of the two photo-engravings. The defendant is entitled to a reduction, from the agreed charge, of the amount thus saved to the plaintiff. No evidence is disclosed by the record which will enable us to determine to what extent the judgment should be modified, and hence a new trial must be ordered.

In view of our conclusion, it is unnecessary to consider at length the question whether it was error to exclude the evidence offered on the part of the defense in relation to representations claimed to have been made at the time of the giving of the orders. While such evidence was competent, and its exclusion improper, the error was cured by the court's subsequent offer to receive it. Judgment should be reversed, and new trial ordered, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.