Where the evidence in an action against a street-railroad company for a crossing accident shows that the car was running at the rate of 15 miles an hour, and that the plaintiff looked as he started to cross the track, and saw no car, and that the motorman made no attempt to stop the car, it is error to dismiss the complaint, since the question of plaintiff's freedom from contributory negligence should be submitted to the jury.

Appeal from municipal court, borough of Manhattan, Third district.

Action by John Carney against the Metropolitan Street-Railway Company for a crossing accident.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

A. Gibson, Jr., for appellant.

H. A. Robinson, for respondent.

PER CURIAM.  The evidence shows that, while the car was going at a "terrific" rate of speed,—15 miles an hour,—it ran into the plaintiff, who was crossing Fourth avenue at Thirtieth street.  Plaintiff testified that he looked northward as he started to cross the railroad track, and saw no car approaching.  The evidence also shows that the motorman on the car made no effort to stop the car. This evidence was sufficient to go to the jury upon the question of the plaintiff's freedom from negligence, and therefore it was error to dismiss the complaint.

Judgment reversed and a new trial ordered, with costs to abide the event.

---

## NICOLL v. LLOYD.

(Supreme Court, Appellate Term.  January 10, 1901.)

JUDGMENT FOR PLAINTIFF — REVERSAL—NEW TRIAL—AMENDMENT — COSTS OF FORMER APPEAL.

Where on appeal a judgment for plaintiff was reversed because he had brought a wrong action, it was error on a new trial to grant plaintiff leave to amend his complaint without allowing defendant the costs of the appeal.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Charles E. Nicoll against Thomas Lloyd.  From a judgment in favor of plaintiff, both parties appeal.  Reversed on both appeals.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Benjamin & Loeser, for appellant.

William C. Tim, for respondent.

PER CURIAM.  Both parties appeal from the judgment.  A former judgment in favor of the plaintiff was reversed because the

action was brought for work, labor, and services performed, whereas
it should have been for damages for breach of contract, and the
order of reversal awarded to the defendant, costs to abide the event.
Nicoll v. Lloyd, 26 Misc. Rep. 799, 56 N. Y. Supp. 178.  Upon the
second trial the justice, against the defendant's objection and ex-
ception, permitted the complaint to be amended so as to demand
damages for breach of contract, no terms being imposed as a condi-
tion of such amendment.  This was error.  The defendant should,
at least, have been allowed the costs of the former appeal.  The
plaintiff appeals upon the ground that the amount of damages
awarded by the justice was manifestly inadequate under the evi-
dence.  In this he is clearly right, assuming that the plaintiff is en-
titled to damages at all.  In fact, it would seem that the amount
for which judgment was awarded must have been inserted by an
inadvertence.

Upon both appeals the judgment must be reversed, and a new trial
granted, but without costs to either party.